## RIEDEL v RIEDEL

Ohio Common Pleas, Fulton Co

Decided Sept 16, 1938

Wm. Kent Fenton, Toledo, and Fred .. Riehm, Toledo, for plaintiff.

Frank Ham, Wauseon, for defendant.

### OPINION

By SLAYBAUGH, J.

This cause was originally commenced in the Common Pleas Court of Lucas County, Ohio, Division of Domestic Relations, pray for alimony; both parties were and still are, residents of city of Toledo, Ohio.

Petition filed March 1, 1936.

Issues were made up, and service duly made and completed in said Domestic Relations Court.

Numerous interlocutory orders were made upon motions filed by both plaintiff and defendant in said court after hearings thereon, and on May 19, 1936 he defendant filed in said court an answer and cross petition among other things · rayir. for a divorce against plaintiff. Due service of summons and copy of cross petition of defendant was made upon the plaintiff.

Plaintiff on June 23, 1936 filed her reply to the cross petition of defendant. On December 20, 1937 on motion of the plaintiff therefor, a change of venue was allowed under provisions of §12000 GC, by Judge Paul Alexander, judge of the Common Pleas Court of Lucas County, Ohio, Division of Domestic Relations and said cause was ordered removed to Fulton County, Ohio, to be tried before the Honorable Fred H. Wolf.

Thereupon on March 23, 1938 the following entry was filed in the clerk's office of the Common Pleas Court of Fulton County, Ohio, viz:

"In the Common Pleas Court of Fulton County, Ohio, Murva Riedel, plaintiff v Arthur F. Riedel, defendant. Journal entry, case No. 11342 in Common Pleas Court of Fulton County, Ohio. Case No. 3996 in Common Pleas Court of Lucas County, Ohio, Division of Domestic Relations.

"This cause of action coming on for hearing in this court, having been brought to this court as a result of a change in venue from the Common Pleas Court of Lucas County, Ohio, Division of Domestic Relations, and said cause of action being presented to the court upon the petition of the plaintiff, the answer and cross-petition of the defendant, and the reply of the plaintiff, which pleadings were heretofore filed by the respective parties herein, and said parties and witnesses for said parties, having been duly sworn, and having testiled, and evidence having been presented to the court, the court finds that the plaintiff at the time of filing her petition had been a boni fide resident of Lucas County, in the State of Ohio, for more than one year prior to the filing of her petition.

"The court further finds that the parties hereto were married as set forth in plaintiff's petition, and that one child, Charles Arthur Riedel, was born as the issue of said marriage.

"The court further finds that the defendant Arthur F. Riedel, has been guilty of gross neglect of duty toward this plaintiff, and that defendant has abandoned plaintiff without good cause, and that plaintiff is entitled to recover alimony from the defendant.

"The court further finds from the evidence and testimony adduced that the defendant, Arthur F. Riedel, has failed to substantiate the charges against plaintiff contained in defendant's cross petition, and has failed to prove any grounds for divorce against plaintiff, and that defendant's cross petition should therefore be dismissed.

"It is therefore ordered, adjudged and decreed by the court that defendant's cross petition be, and the same is, hereby dismissed, and defendant is denied a divorce from this plaintiff.

"It is further ordered that the plaintiff be, and she is, hereby awarded alimony to be paid by the defendant, and the defend-

ant is ordered to pay plaintiff as said alimony the sum of sixty dollars ($60.00) each month, commencing forthwith, payable through the Toledo Humane Society, and this court retains jurisdiction of this matter for all questions pertaining to alimony.

"It is further ordered that the defendant, Arthur F. Riedel, pay the entire court costs of this action, to all of which defendant excepts.

"Fred H. Wolf, judge of the Common Pleas Court of Fulton County, Ohio.

"The foregoing journal entry was submitted to me for my approval, and a copy of same delivered to me this 24th day of February, 1938.

"Brady & Gallagher,
"Attorneys for defendant.
"Filed March 23, 1938."

The record shows that pursuant to said order for alimony, the defendant made partial payments thereof to the Humane Society at Toledo, Ohio.

On April 27, 1938 plaintiff by counsel filed in said Fulton County Court a motion requiring the defendant to show cause why he should not be punished as for contempt of court.

Said motion was heard on August 15, 1938 before Judge A. A. Slaybaugh, of Putnam County, Ohio, assigned to hear the same, and thereupon the following order was made, viz:

"In the Common Pleas Court of Fulton County, Ohio. Murva Riedel, plaintiff v Arthur F. Riedel, defendant. Case No. 11342, journal entry.

"This cause came on for hearing on plaintiff's motion requiring defendant to appear and show cause why he should not be punished as for contempt of court for his failure to comply with a previous order of this court which previous order provided as follows:

" 'It is further ordered that the plaintiff be and she is hereby awarded alimony to be paid by the defendant and the defendant is ordered to pay plaintiff said alimony the sum of sixty ($60.00) each month commencing forthwith, payable through the Toledo Humane Society.'

"Plaintiff appeared, was sworn and testified but the defendant was in default of appearance though duly notified.

"The court finds from the record of the case and the testimony made herein that the defendant was legally notified of, the hearing of this motion and was in default for appearance,

"The court further finds that the order of the court as to the payment of alimony is as set forth above and that the defendant has failed to comply with said order.

"The court further finds that the defendant is and has at all times here in issue been capable of complying with said order and that defendant's failure so to do is a contempt of this court.

"It is further ordered that the clerk of this court prepare a bench warrant for the defendant herein; that said bench warrant be issued to the sheriff of Fulton County, Ohio; and that the sheriff of Fulton County, Ohio be instructed to place the defendant under arrest, transport him to Wauseon, Ohio, and confine him in the Fulton County jail until defendant pays to plaintiff all arrearages on the order of the court aforesaid and until further order of this court.

Filed Aug. 15, 1938.

A. A. Slaybaugh, J."

The sheriff of Fulton County, Ohio in compliance with said order arrested the defendant; and thereupon the defendant by his attorney filed the following motion viz:

"In the Common Pleas Court of Fulton County, Ohio. Case No. 11342. Murva Riedel, plaintiff v Arthur F. Riedel, defendant. Motion.

"Comes now the defendant and moves the court to set aside and vacate the order heretofore made allowing alimony to the plaintiff and the order committing defendant to jail as for contempt in failing to comply with said first order; for the reasons:

"(1) The court was without jurisdiction of the person of both or either of the parties.

"(2) The said court was without jurisdiction of the subject matter of this action.

"(3) The court was without jurisdiction to hear and determine any of the issues in this cause.

F. C. and J. M. Ham,
Attorneys for defendant."

And on September 15, 1938 said motion came on to be heard, all parties with their counsel being present, and the same was submitted, upon written briefs, and the court now proceeds to decide the same.

Jurisdiction of the Common Pleas Court is fixed solely by law under §4, **Article 4, of the Constitution of Ohio,** viz:

"The jurisdiction of the Common Pleas Court, and of the judges thereof, shall be fixed by law."

Sec 20 of the Schedule of Constitution of 1912 provides "that all laws then in force, now inconsistent therewith shall continue in force until amended or repealed."

This action was removed from Lucas County to Fulton County under authority of §12000 GC, which provides as follows:

"Change of venue.—Upon application of a party and his or her affidavit that a fair and impartial hearing and determination cannot be had before the court in which a petition for divorce or alimony is filed, a change of venue shall be allowed, and the cause removed to some county in the same judicial district for hearing and determination. (R..S. §5904)"

The constitutionality of §12000 GC is not in issue in this case, and is a jurisdictional statute still in force, and was enacted while the provisions of **Article 11, §12 of the Constitution of Ohio** of 1851 was in force by which the state was divided into judicial districts, Lucas County being in district number four (4), and Fulton County being in District number three (3).

This action was properly filed in Lucas County, the plaintiff and defendant were both residents of said county and state of Ohio, numerous interlocutory orders were made in Lucas County on motions of both parties; and finally on application for change of venue under §12000 GC, the case was ordered removed from Lucas County to Fulton County by order of Judge Alexander of the Division of Domestic Relations of the Common Pleas Court of Lucas County.

Thereafter the case was tried on its merits before Judge Fred H. Wolf in the Common Pleas Court of Fulton County an adjoining county to Lucas County in which defendant appeared in person and by counsel, introduced evidence and partially obeyed the order of said county by paying alimony awarded.

Said court denied the cross petition of defendant for divorce and defendant failed to proceed further by appeal or otherwise to Court of Appeals and for the first time objects to the jurisdiction of the court of Fulton County when he was arrested for contempt in failing to comply with the order of said court.

This court therefore is of opinion that a liberal construction of §12000 GC, gives the Common Pleas Court of Fulton County jurisdiction to hear and decide this case; and secondly, if said section does not confer such jurisdiction, then the defendant under the record in this case is estopped from successfully attacking the jurisdiction of this court.

We feel that by the great weight of authority in cases of this character the motion of the defendant should be, and hereby is overruled. 128 Oh St 68; 93 Oh St 23; 26 Oh St 185-165; 83 Oh St 97; 115 Oh St 403; 84 Oh St 467; 86 Oh St 331; 89 Oh St 90; 95 Oh St 364; 108 Oh St 314; 122 Oh St 117; 39 A.L.R. 695.

An entry may be prepared overruling the motion and each paragraph thereof, and ordering the execution of the former order of this court finding the defendant guilty of contempt, and that said former order be fully carried out.

That the defendant pay the costs of this proceeding before he shall be entitled to be discharged from custody of the sheriff.